UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RIDLEY ELECTRIC CO., INC.,

                Plaintiff,

    -against-                                          5:12-cv-0488 (LEK/ATB)

LIEBERT CORP. and CON-WAY
FREIGHT, INC.,[1]

                Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

Before the Court are Defendants Con-way Freight, Inc. ("Con-way") and Liebert Corporation's ("Liebert") (collectively, "Defendants") Motions for summary judgment. Dkt. Nos. 20 ("Con-way Motion"); 20-2 ("Con-way Memorandum"); 21 ("Liebert Motion"); 21-21 ("Liebert Memorandum"). Plaintiff Ridley Electric Company, Inc. ("Plaintiff") brought federal law claims in New York Supreme Court against Con-way under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and state law claims against Liebert for breach of contract, which the Defendants removed.[2] Dkt. No. 1; 1-1. Plaintiff then filed an Amended Complaint, which is the operative pleading in this action. Dkt. No. 13 ("Amended Complaint"). Defendants have each moved for summary judgment, Plaintiff responded to each Motion, and Defendants

---

[1] Con-way has noted that it has previously been improperly named in the case caption as "Conway Freight, Inc." The Court instructs the Clerk to adjust the caption to state the correct spelling on ECF.

[2] Liebert and Con-way have brought cross-claims for contribution and indemnity. Dkt. Nos. 15; 18.

replied. Dkt. Nos. 31 ("Plaintiff's Con-way Response"); 33 ("Plaintiff's Liebert Response"); 40 ("Con-way Reply"); 41 ("Liebert Reply"). For the following reasons, the Court denies both Motions.

## II. FACTS

Responding to a sales quote, Plaintiff submitted a purchase order to Liebert requesting, *inter alia*, two Liebert Precision Power Centers ("Power Centers") to complete an expansion project for Time Warner Cable ("TWC"). Dkt No. 21-1 ("Liebert SMF") ¶ 6.[3] Liebert successfully tested the two Power Centers prior to shipment—in the presence of a TWC representative—at its Delaware, Ohio, facility. Id. ¶¶ 11-14. Liebert then issued an invoice, stating that the order would be "F.O.B. Point of Shipment" with Con-way as the "Carrier." Id. ¶¶ 8, 16. On September 30, 2011—the date that the Power Centers shipped—the Shipping Order, executed by Con-way, provided that the Power Centers were in "good order." Id. ¶¶ 19-20. Liebert "boxed, shrink wrapped, and loaded" the Power Centers onto Con-way's truck. Dkt. No. 20-1 ("Con-way SMF") ¶ 3. Con-way did not know the content or its condition. Id. ¶ 4.

Con-way delivered the Power Centers to Plaintiff's warehouse. Liebert SMF ¶ 21. Plaintiff accepted the shipment and signed a receipt stating that it had received the boxed Power Centers in good condition without noting cargo loss or damage. Con-way SMF ¶ 6. Plaintiff held the boxed Power Centers at its warehouse for 27 days, until it moved them to the TWC job site. Id. ¶ 9; Liebert SMF ¶ 22; Dkt. No. 31 ("Pl.'s Con-way SMF") ¶ 18. Upon unboxing the Power Centers, Plaintiff discovered damage to one unit and requested repair from Liebert. Liebert SMF ¶¶ 22-24.

---

[3] All of the cited paragraphs of Defendants' Statements of Material Facts have been admitted by Plaintiff without qualification. See Dkt. Nos. 26 ("Liebert SMF Response"); 31 ("Con-way SMF Response")

2

Liebert completed the repairs at cost to Plaintiff. Id. ¶¶ 26-29. Plaintiff submitted a claim to Con-way for cargo loss and damage. Con-way SMF ¶¶ 9-10. Con-way denied the claim on the basis that Plaintiff had signed a "clean" delivery receipt. Id. ¶ 11.

### III. LEGAL STANDARD

#### A. Summary Judgment

Summary judgment is proper where "there is no genuine issue as to any material fact," and thus "the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 94 (2d Cir. 2012). If the moving party will not bear the burden at trial, it may, in order to meet its summary-judgment burden of production, either: (1) "submit affirmative evidence that negates an essential element of the nonmoving party's claim"; or (2) "demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Celotex, 477 U.S. at 330-32 (Brennan, J., dissenting). If the moving party carries its burden of production, the nonmoving party must raise some genuine issue of material fact; "metaphysical doubt as to material facts" is not enough. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). However, the burden of persuasion remains at all times with the moving party, who must affirmatively demonstrate entitlement to judgment as a matter of law. Celotex, 477 U.S. at 332.

### B. Breach of Contract[4]

Under Ohio law, a plaintiff alleging breach of contract must show that (1) "a contract existed"; (2) "the plaintiff fulfilled his obligations"; (3) "the defendant unlawfully failed to fulfill his obligations"; and (4) "damages resulted from this failure." Mikulski v. Centerior Energy Corp., 501 F.3d 555, 561 n.3 (6th Cir. 2007). Claims arising out of contracts for the sale of goods are governed by Article 2 of the Uniform Commercial Code ("UCC"). See Radio Parts Co. v. Invacare Corp., 897 N.E.2d 228, 234 (Ohio Ct. App. 2008). If a buyer accepts a shipment of goods, "[t]he burden is on the buyer to establish any breach with respect to the goods accepted." OHIO REV. CODE ANN. § 1302.65(D). Additionally, "F.O.B. Point of Shipment" contracts shift title and the risk of loss from the buyer to the seller as soon as the goods are shipped. See, e.g., European Pastries, Inc. v. Sichel Bakery Equip. Co., No. C-74428, 1975 WL 181875, at *2 (Ohio Ct. App. July 14, 1975).

### C. Carmack Amendment

Claims against a carrier for injury sustained to goods shipped in interstate commerce are governed solely by the Carmack Amendment. A plaintiff must prove three elements: (1) the goods were delivered to the carrier in good condition; (2) the goods were damaged upon receipt at the destination; and (3) the value of damages sustained. See 49 U.S.C. § 11707(a)(1); Project Hope v. M/V Ibn Sina, 250 F.3d 67, 73 n.6 (2d Cir. 2001). There are affirmative defenses available to the carrier including: (1) acts of God; (2) crime; (3) acts of the shipper; (4) public authority; and (5) the

---

[4] Liebert notes, and Plaintiff does not contest, that "it is unnecessary to make a choice of law determination because there is not conflict of law as both Ohio and New York have adopted Article 2 of the U.C.C." Liebert Mem. at 8 n.3; Pl.'s Liebert Resp. at 1 n.1. Liebert proceeds to apply Ohio law in its Memorandum, further citing a provision that "the validity, performance, and all other matters relating to the interpretation and effect of this agreement shall be governed by the law." Accordingly, the Court shall apply Ohio law to this claim. See Martinez v. Bloomberg LP, No. 12-3654-cv, 2014 WL 114252, at *19 (2d Cir. Jan. 14, 2014).

nature and vice of the goods themselves. See Missouri Pacific R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 137-38 (1964).

**III. DISCUSSION**

Both Con-way and Liebert argue that Plaintiff has not adduced specific evidence to attribute damage to the Power Center to them—which is an essential element of both claims— and thus they are entitled to summary judgment. See Liebert Mem. at 13-15; Con-way Mem. at 7-9. Rather, all Plaintiff has only showed in its affidavits that it has not caused the damage. See Dkt. Nos. 28; 29; 30. Each Defendant has also submitted affidavits to show that its employees acted with due care, implying that Plaintiff or the other Defendant caused the damage. See Dkt. Nos. 20-4; 21-2.

There are limited possibilities: only the three parties had possession of the Power Centers, and presumably at least one caused the damage. Con-way has not argued as an affirmative defense, for example, that an act of God or crime caused the damage. See generally Con-way Mem.; Con-way Reply. If the evidence before the Court were presented at trial, with Plaintiff calling Defendants' affiants as witnesses, a reasonable factfinder could make credibility determinations and return a verdict for Plaintiff if it disbelieved one of the Defendants' testimony. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").[5] If the factfinder finds that none of the presented evidence adequately places blame on one party, Plaintiff will not have proved an essential element of each claim—that Liebert breached its duties under the Contract or that Con-way received the goods in good condition and delivered them

---

[5] This says nothing of whether Plaintiff's decisions to forego discovery in the matter were prudent. See Liebert Reply at 5.

in damaged condition—and Defendants would prevail.  However, at summary judgment the Court must make every reasonable inference in the nonmoving party's favor and determine whether judgment for that party would be properly supported.  See Anderson, 477 U.S. at 250-52.  The Court accordingly finds that the evidence in the record is sufficient to withstand summary judgment.

Con-way further argues that the return of a "clean" delivery receipt entitles it to summary judgment as a matter of law.  See Con-way Mem. at 5-6.  However, courts have consistently held that the fact that a "clean" receipt as to externally noticeable damage does not preclude a showing of delivery in bad condition through extrinsic evidence.  See, e.g., Vacco Indus. v. Navajo Freight Lines, Inc., 63 Cal. App. 3d 262, 271 (Ct. App. 1976); U.S. Aviation Underwriters, Inc. v. Yellow Freight Sys., Inc., 296 F. Supp. 2d 1322, 1326-28 (S.D. Ala. 2003); Wesley S. Chused, The Evolution of Motor Carrier Liability Under the Carmack Amendment Into the 21st Century, 36 TRANSP. L.J. 177, 183-84 (2009).  Because Plaintiff has adduced evidence that they did not damage the Power Center after receipt, there is a genuine issue of fact and summary judgment is denied.

## IV.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants Liebert Corporation and Con-way Freight, Inc.'s Motions (Dkt. Nos. 20; 21) for summary judgment are **DENIED**; and it is further

**ORDERED**, that the Clerk shall adjust the case caption to state the correct spelling of Defendant Con-way Freight, Inc.; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED: February 03, 2014
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge